UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:23-cv-126-BJB
*Electronically Filed*

CARLOS JUAN GARCIA,

and

DORETHA SUE GARCIA                                                                PLAINTIFFS

VS.

JAY L. KOCH
    **Serve via Ky Secretary of State:**
    Jay L. Koch
    216 Jones Street
    Winside, NE 68790

and

FREMONT CONTRACT CARRIERS, INC.
    **Serve via Certified Mail**:
    Gary W. Thompson, BOC-3 agent of process
    771 Corporate Drive, Suite 900
    Lexington, KY 40503

and

SAFECO INSURANCE COMPANY OF ILLINOIS                                  DEFENDANTS
    **Service via Certified Mail:**
    Corporation Service Company
    421 W. Main St.
    Frankfort, KY 40601

---

## COMPLAINT

---

    Plaintiffs, Carlos Juan Garcia and Doretha Sue Garcia, for their Complaint against Defendants, Jay L. Koch and Fremont Contract Carriers, Inc., and Safeco Insurance Company of Illinois, state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Carlos Juan Garcia, is a citizen and resident of the State of Tennessee, residing at 737 Pollard Road, Clarksville, TN 37042.

2. Plaintiff, Doretha Sue Garcia, is a citizen and resident of the State of Tennessee, residing at 737 Pollard Road, Clarksville, TN 37042.

3. At all relevant times, Defendant, Jay L. Koch ("Defendant Koch"), is a citizen and resident of the State of Nebraska, residing at 216 Jones Street, Winside, NE 68790, and can receive service at that address through the Kentucky Secretary of State.

4. At all relevant times, Defendant, Fremont Contract Carriers, Inc. ("Defendant Fremont"), is a Nebraska corporation, incorporated and existing under the laws of the State of Nebraska, with its principal place of business located at 865 South Bud Boulevard, Fremont, NE 68025.

5. Upon information and belief, Defendant Fremont has designated Gary W. Thompson of Walters Richardson PLLC as its BOC-3 registered agent of process, who can receive service at 771 Corporate Drive, Suite 900, Lexington, KY 40503.

6. At all relevant times, Defendant Koch, was the employee, agent, servant, and/or statutory employee for Defendant Fremont, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Fremont. Accordingly, Defendant Fremont is vicariously liable for the acts of Defendant Koch.

7. Upon information and belief, Defendant, Safeco Insurance Company of Illinois ("Defendant Safeco"), is an insurance company formed under the laws of the State of Illinois and is an authorized insurer in the Commonwealth of Kentucky holding a Kentucky Insurance Certificate of Authority with a principal office address of 27201 Bella Vista Parkway, Ste. 130, Warrenville, IL

60555, and has designated Corporation Service Company as its registered agent for service of process in the Commonwealth of Kentucky.

8. Defendant Safeco insured the Plaintiff with a policy of Underinsured Motorist Coverage insurance, Policy Number X6268353 (the "Policy"), which was in full force and effect on the date of the collision.

9. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

10. Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Cadiz, Trigg County, Kentucky, on August 15, 2023.

## COUNT I – COMMON LAW NEGLIGENCE
## AGAINST DEFENDANTS KOCH AND FREMONT

11. On or about August 15, 2023, in Cadiz, Trigg County, Kentucky, Defendant Koch was operating a 2020 Peterbilt Motors Company 579 SE semi-tractor trailer, and traveling eastbound on I-24 E.

12. Upon information and belief, the 2020 Peterbilt Motors Company 579 SE semi-tractor trailer was operated by Defendant Koch on behalf of his employer, Defendant Fremont.

13. As Defendant Koch was traveling eastbound on I-24 E in the righthand lane, he failed to notice stopped traffic in front of him. Suddenly and without warning, he struck the trailer, which was hauling a Cadillac, attached to the 2012 Chevrolet Silverado directly in front of him, in which Plaintiff, Carlos Juan Garcia, was the restrained driver and Plaintiff, Doretha Sue Garcia, as well as CG, a minor, were the restrained passengers. The force of the impact caused the Cadillac to be ejected from the trailer into the rear of the Chevrolet Silverado. The Chevrolet Silverado was then pushed into the pickup truck and trailer coming to a stop in front of it.

14. Defendant Koch operated the 2020 Peterbilt Motors Company 579 SE semi-tractor trailer in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant Fremont is vicariously liable.

15. As a direct and proximate result of the gross negligence and carelessness of Defendants Koch and Fremont, the Plaintiff, Carlos Juan Garcia, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carlos Juan Garcia, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

16. As a direct and proximate result of the gross negligence and carelessness of Defendants Koch and Fremont, the Plaintiff, Doretha Sue Garcia, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Doretha Sue Garcia, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

<u>**COUNT II – NEGLIGENCE *PER SE*
AGAINST DEFENDANTS KOCH AND FREMONT**</u>

17. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

18. Defendant Koch violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes

negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Fremont is vicariously liable.

19. The injuries sustained by Plaintiffs are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Koch's violation of these statutes, for which Defendant Fremont is vicariously liable.

20. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Koch and Fremont, the Plaintiff, Carlos Juan Garcia, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carlos Juan Garcia, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

21. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Koch and Fremont, the Plaintiff, Doretha Sue Garcia, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Doretha Sue Garcia, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT FREMONT**

22. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

23. Defendant Fremont had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Koch, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

24. Defendant Fremont had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

25. Defendant Fremont was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiffs, for which it is directly liable.

26. Defendant Fremont violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

27. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Koch and Fremont, the Plaintiff, Carlos Juan Garcia, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Carlos Juan Garcia, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

28. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Koch and Fremont, the Plaintiff, Doretha Sue Garcia, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Doretha Sue Garcia,

will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

### COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT KOCH AND DEFENDANT FREMONT

29. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

30. Defendant Fremont and Defendant Koch acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186.  Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiffs, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

31. Defendant Fremont and Defendant Koch acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, as set forth above, so as to warrant the imposition of punitive damages.

32. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants Fremont and Koch, and all others similarly situated.

## COUNT V – UNDERINSURED MOTORIST BENEFITS CLAIM
## AGAINST DEFENDANT SAFECO

33. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

34. The collision referred to in Paragraphs 11-16 was the result of the negligence and negligence *per se* of Defendants Koch and Fremont Co.

35. As a result of the negligence and negligence *per se* of Defendants Koch and Fremont Co., the Plaintiffs suffered severe and permanent injuries.

36. As a result of Plaintiffs' severe and permanent injuries as a result of the August 15, 2023, collision, they have incurred reasonable and necessary medical and related expenses, and in the future will incur additional reasonable and necessary medical expenses, have lost time from work, have endured physical pain and mental suffering, and in the future will endure additional physical pain and mental suffering, and their ability to earn money have been impaired, all to their damage in amounts in excess of the minimal jurisdictional amount of this Court.

37. Defendant Safeco insured the Plaintiffs with a policy of Underinsured Motorist Coverage insurance, Policy Number X6268353 (the "Policy"), which was in full force and effect on the date of the collision.

38. Pursuant to the terms of the insurance policy referred to in Paragraph 37, Plaintiffs are entitled to Underinsured Motorist Coverage ("UIM").

39. Defendant Safeco has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

40. Defendant Safeco provided UIM coverage to Plaintiffs, which applies to the above-referenced collision of August 15, 2023.

41. Defendant Koch was an underinsured motorist.

42. Upon information and belief, Plaintiffs' injuries and damages exceed the limits available under Defendant Fremont Co.'s insurance policy.

43. Plaintiffs are entitled to UIM benefits from Defendant Safeco to the extent provided by the Policy and by operation of law, arising out of the injuries and damages suffered as a result of the above-referenced collision.

**WHEREFORE**, Plaintiffs, Carlos Juan Garcia and Doretha Sue Garcia, demand judgment against Defendants Adam Koch, Fremont Inc., and Safeco Insurance Company of Illinois as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

D. For Plaintiffs' costs herein expended; and

E. For any and all other relief to which the Plaintiff is entitled.

## **CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Humana Military TriCare East
ATTN: Subrogation Department
P.O. Box 7981
Madison, WI 53707-8923

RESPECTFULLY submitted this 8th day of September 2023:

*/s/ Shea W. Conley*
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiffs*